NUMBER 13-08-00405-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


THOMAS MARCUS MISTROT, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court 

of Victoria County, Texas.

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Benavides 


Memorandum Opinion by Justice Rodriguez



 Appellant, Thomas Marcus Mistrot, appeals from his conviction of aggravated
assault of a public servant, possession of a firearm by a felon, and evading arrest or
detention. Appellant pleaded guilty to the possession of a firearm by a felon charge (count
5) and the evading arrest or detention charge (count 6). After entering a plea of not guilty
to aggravated assault of a public servant (counts 1 through 4), a jury found appellant guilty
of counts 1 and 4, guilty of the lesser-included offense of deadly conduct in counts 2 and
3, guilty of possession of a firearm by a felon and guilty of evading arrest using a motor
vehicle. After a hearing before the trial court, appellant was sentenced to thirty-five years'
confinement in prison on counts 1 and 4, one year in county jail on counts 2 and 3, ten
years on count 5, and two years in state jail on count 6, with all sentences to run
concurrently. This appeal ensued.

 Concluding that, in his professional opinion, "this appeal is without merit and
frivolous," appellant's counsel filed a brief in which he reviewed the merits, or lack thereof,
of the appeal. We affirm.I. Compliance with Anders v. California

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's
court-appointed appellate counsel has filed a brief with this Court, stating "that no
reversible error is reflected by the record." Counsel's brief discusses the portion of the
record pertinent to the following arguable grounds of error presented: (1) the evidence was
legally and factually insufficient to sustain convictions for the charges of aggravated assault
of a public servant; (2) the trial court failed to consider mitigating evidence in determining
appellant's sentence; (3) appellant's sentence is cruel and unusual in violation of the
United States Constitution; and, (4) appellant was not given effective assistance of counsel
at the punishment hearing. Including record references to the facts and setting out
pertinent legal authorities, counsel presented a professional evaluation of the record
explaining why he concluded that the evidence was sufficient to sustain factual as well as
legal sufficiency claims, why the trial court did not abuse its discretion in sentencing
appellant, and why the record does not support or overcome the presumption that
appellant was afforded effective assistance of counsel. See In re Schulman, 252 S.W.3d
403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an Anders brief need
not specifically advance 'arguable' points of error if counsel finds none, but it must provide
record references to the facts and procedural history and set out pertinent legal
authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi
2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en
banc).

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), appellant's counsel has, thus, carefully discussed why, under controlling authority,
there are no errors in the trial court's judgment. Counsel has certified to this Court that he
has: (1) after diligently searching the record in this case and researching the applicable
law, found no reversible error reflected by the record; (2) forwarded a copy of the brief and
request to withdraw as counsel to appellant, and (3) informed appellant of his right to
review the record and file a pro se response. (1) See Anders, 386 U.S. at 744; Stafford, 813
S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23.

II. Pro Se Response Brief

 On April 14, 2009, appellant filed a pro se response brief urging two issues. 
Appellant complains of ineffective assistance of trial counsel on grounds other than those
presented by appellate counsel and of erroneous jury instructions. The State filed a reply
brief to appellant's pro se response on May 6, 2009.

III. Independent Review

 Upon receiving an Anders brief, this Court must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record, counsel's brief, appellant's pro se
response brief, and the State's reply brief, and we have found nothing that would arguably
support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005)
("Due to the nature of Anders briefs, by indicating in the opinion that it considered the
issues raised in the briefs and reviewed the record for reversible error but found none, the
court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1.");
Stafford, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

IV. Motion to Withdraw In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion
to withdraw that was carried with the case on February 12, 2009. Within five days of the
date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment
to appellant and to advise appellant of his right to file a petition for discretionary review. (2) 
See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte
Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 14th day of May, 2009.
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig.
proceeding) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See id. at R. 68.3; R. 68.7. Any petition for
discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate
Procedure. See id. at R. 68.4.